**William H. DAVIS, Plaintiff–Appellant,**

v.

**TXO PRODUCTION CORP., Defendant–Appellee.**

No. 90–6019.

United States Court of Appeals, Tenth Circuit.

April 11, 1991.

---

H.B. Watson, Jr., Stephen R. Pitcock, and Sharon Taylor Thomas of Watson & McKenzie, Oklahoma City, Okl., for plaintiff-appellant.

Robert D. Nelon and Babette Patton of Andrews, Davis, Legg, Bixler, Milsten & Price, Oklahoma City, Okl., for defendant-appellee.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant William H. Davis appeals the Rule 12(b)(6) dismissal by the District Court for the Western District of Oklahoma of one count of his three-count amended complaint against appellee TXO Production Corporation. The district court concluded that appellant's allegation that appellee breached an implied covenant of good faith and fair dealing to appellant did not state a claim for which relief could be granted. *See* Fed.R.Civ.P. 12(b)(6).

I.

Before we address the merits of appellant's claim, we note that appellee challenges the right of appellant to appeal the district court's dismissal of this cause of action. In addition to the breach of an implied covenant of good faith claim at issue here, appellant's first amended complaint contained theories based upon tortious interference with a business relation and champerty and maintenance. The district court dismissed the breach of an implied covenant of good faith claim for failure to state a claim for which relief could be granted. It similarly dismissed appellant's tortious interference claim but denied the motion to dismiss on the count alleging maintenance. Appellant then sought and was granted leave to file a second amended complaint, which contained only counts alleging tortious interference and maintenance. Appellant did not adopt or incorporate any portion of his first amended complaint into his second amended complaint.

Nor did he make reference to a claim based upon a breach of an implied covenant of good faith. Two weeks later, appellant moved to dismiss voluntarily his second amended complaint pursuant to Fed.R. Civ.P. 41(a)(2), which the district court granted.

Appellant now seeks to appeal the district court's dismissal of the breach of an implied covenant claim contained in his first amended complaint but not included in his second amended complaint. Because appellant's second amended complaint did not allege a breach of an implied covenant of good faith and fair dealing, appellee argues that appellant waived his right to raise this argument on appeal.

As appellee notes, "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *see also* Fed.R.Civ.P. 15(a); *Washer v. Bullit County*, 110 U.S. 558, 562, 4 S.Ct. 249, 250, 28 L.Ed. 249 (1884); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n. 6 (11th Cir.1982); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir.1981); 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[7] (2d ed. 1990). Such a rule establishes to which complaint opposing parties should direct any subsequent motion. 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* ¶ 1476, at 556–57 (2d ed. 1990).

We are presented here with a unique situation, however, because the cause of action not incorporated in the second amended complaint had already been subjected to a 12(b)(6) ruling. The opposing party could not therefore direct a further motion at that cause of action. Appellee nevertheless cites this court's decisions in *Leggett v. Montgomery Ward & Co.*, 178 F.2d 436 (10th Cir.1949), and *Aetna Life Ins. Co. v. Phillips*, 69 F.2d 901 (10th Cir. 1934), and argues that an amended complaint filed after the dismissal of the original complaint waives any error in the dismissal of the original. Because appellant did not replead the claim alleging a breach of a covenant of good faith and fair dealing, appellee contends, appellant waived any error in the district court's dismissal of that cause of action. As appellee notes, the court in *Aetna* appears to have addressed the very same issue when it stated: "Where a demurrer has been sustained to a party's pleading and he elects to plead over, he waives any error in the ruling on the demurrer." *Id.* at 903.

This court revisited the issue, however, in *Blazer v. Black*, 196 F.2d 139 (10th Cir.1952). There the court in dictum noted:

It has long been the rule of Federal practice ... that while the pleader who amends or pleads over, waives his objections to the ruling of the court on indefiniteness, incompleteness or insufficiency, or more technical defects in pleadings, he does not waive his exception to the ruling which strikes "a vital blow to a substantial part" of his cause of action.

*Id.* at 143–44.

■ Although the court's recitation in *Blazer* was only dictum, we believe it to be the better rule. Scholars have commented:

A rule that a party waives all objections to the court's dismissal if he elects to amend is too mechanical and seems to be a rigid application of the concept that a Rule 15(a) amendment completely replaces the pleading it amends. Without more, the action of the amending party should not result in completely denying the right to appeal the court's ruling.

6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1476 at 560–61 (2d ed. 1990) (footnotes omitted). They further concluded that the opinion in *Blazer* presents a reasonable standard to determine when a party should be allowed to assert the trial court's original alleged error on appeal.

Although we are aware that at least one circuit clings to the formalistic rule advanced by this circuit in *Aetna* and *Leggett, see King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987); *London v. Coopers & Lyb-*

*rand,* 644 F.2d 811, 814 (9th Cir.1981),[1] another has adhered to the rule set forth in *Blazer. See Wilson v. First Houston Inv. Corp.,* 566 F.2d 1235, 1238 (5th Cir.1978), *vacated on other grounds,* 444 U.S. 959, 100 S.Ct. 442, 62 L.Ed.2d 371 (1979). We believe that a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs [2] with no concomitant benefit to the opposing party. So far as the decisions in *Leggett* and *Aetna* set forth a rule inconsistent with that stated here, they are overruled.[3]

When addressing appellee's 12(b)(6) motion to dismiss appellant's first amended complaint, the district court reached the merits of appellant's claim alleging an implied covenant of good faith and fair dealing. The district court's dismissal of the claim made clear that any attempt by appellant to reallege that claim would be futile. Because we do not require a party to reallege a cause of action on which the district court has conclusively ruled, we conclude that appellant has not waived his claim of a breach of an implied covenant of good faith and fair dealing. Appellee's motion to dismiss for lack of jurisdiction is denied. We therefore reach the merits of this appeal.[4]

### II.

We review *de novo* a dismissal pursuant to Fed.R.Civ.P. 12(b)(6). We accept as true all well-pleaded factual allegations and make all reasonable inferences in favor of the plaintiff. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

The dispute is based on actions by appellee concerning two joint operating agreements covering two oil and gas units. Appellant is the operator of both units and appellee is a non-operating interest owner. Appellant's complaint alleges that two officials of appellee met with Grant Feely, the lessor of appellee's lease interest in one of the two units, and made false and malicious statements concerning appellant's operation of both units. Similar statements were made concerning appellant's operation of a third unit. The ostensible purpose of this meeting was to convince Mr. Feely to withdraw his consent to a proposed unitization plan filed by appellant. According to the complaint, these statements led to two suits, one brought by Mr. Feely and another brought by the lessors of appellant's interest in the third unit, the Georges. Appellant alleges that appellee provided technical expertise and information to assist in both of the legal actions against him.[5] The statements also led to the withdrawal by Mr. Feely and the Georges of their consent to the proposed unitization plan.

---

1. In *London,* the court stated:
   It has long been the rule in this circuit that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint. We are well aware that other circuits do not look with favor upon this rule, but we as a panel are not at liberty to re-examine its validity. *Id.* (citations omitted).

2. A party unfamiliar with this rule may be reticent to raise a claim in an amended complaint that had been previously dismissed for failure to state a claim for which relief could be granted. The party may, perhaps realistically, fear imposition of a Rule 11 sanction. *See* Fed.R.Civ.P. 11.

3. Because we overrule prior precedent of this circuit, we have circulated this opinion to the *en*

banc court pursuant to our rules. Each member has concurred.

4. By order of the court, the parties also submitted memoranda addressing whether this action is ripe for appeal. We agree with the judgment of both parties that the journal entry of judgment by the district court on January 8, 1990, was a final appealable order pursuant to 28 U.S.C. § 1291 (1988). *See Arrow v. Dow,* 636 F.2d 287, 289 (10th Cir.1980); *Allied Air Freight, Inc. v. Pan American World Airways, Inc.,* 393 F.2d 441, 444 (2d Cir.), *cert. denied,* 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968).

5. Appellant prevailed at trial in one action and the other was voluntarily dismissed.

Appellant brought this suit seeking, as special damages, the attorney fees he incurred in his defense of the two suits brought against him. In addition, he seeks punitive damages. Appellant argues that appellee's false allegations concerning his operation of the units and subsequent assistance to the plaintiffs in both actions constituted a breach of an implied covenant of good faith and fair dealing.

The district court analyzed appellant's claim alleging a breach of an implied covenant of good faith and fair dealing as arising from a recognized fiduciary duty between co-tenants of an oil and gas lease. *See Teel v. Public Serv. Co.*, 767 P.2d 391, 396 (Okla.1985). It concluded that under Oklahoma law there can be no breach of an implied duty of good faith to perform under a joint operating agreement in the circumstances presented here, absent a breach of a specific contractual provision. *See Frankfort Oil Co. v. Snakard*, 279 F.2d 436 (10th Cir.), *cert. denied*, 364 U.S. 920, 81 S.Ct. 283, 5 L.Ed.2d 259 (1960). The parties do not dispute that appellee's actions did not constitute a breach of an express provision contained in the joint operating agreement. After reviewing the cases cited by appellant, we do not find the district court's interpretation of Oklahoma law to be in error.

Appellant also argues here the existence of an implied duty of good faith independent of the fiduciary duty between co-tenants. He bottoms his argument in the general principle of contract law that neither party of a contract may do anything to destroy or injure the other party's right to receive the fruits of the contract. *See Western Natural Gas Co. v. Cities Service Gas Co.*, 507 P.2d 1236, 1241 (Okla.), *cert. denied*, 409 U.S. 1052, 93 S.Ct. 559, 34 L.Ed.2d 506 (1972); 5 H. Williams & C. Meyers, *Oil & Gas Law* §§ 802, 802.1 (1989).

We are not presented here, however, with one party's destruction of another party's right to receive the benefit of the contract. *Compare Western Natural Gas Co.*, 507 P.2d at 1236 (defendant denied plaintiff the fruits of the contract by its failure to disclose relevant facts to the Federal Power Commission upon the contract's completion). The joint operating agreement did not provide for a plan for unitization or require appellee's cooperation in such a scheme. Nor does it prohibit appellee from communicating its opinions to its lessors. In sum, appellant did not sufficiently allege that appellee's actions injured the joint estate or otherwise deprived appellant of any fruits of the contract. Absent any authority to the contrary, we decline to extend the duty of co-tenants of an oil and gas lease beyond the express provisions contained in the joint operating agreement. *Compare Spaeth v. Union Oil Co. of California*, 710 F.2d 1455, 1458 (10th Cir.1983) (recognized Oklahoma authority that clearly established an implied covenant to protect against drainage). Even if we were to extend the duty of good faith and fair dealing beyond existing case law, however, we note that the attorney fees which appellant seeks were not expended as a consequence of the failure by appellant to procure approval for unitization.

For the foregoing reasons, the judgment of the district court is AFFIRMED.