14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jimmy D. BATISTE, Petitioner,
v.
Sandra SCOTT, DIRECTOR OF HILLSIDE PRE-RELEASE CENTER, Respondent.
 No. 93-1677.
 United States Court of Appeals,
First Circuit.
 December 28, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 Jimmy D. Batiste on brief pro se.
 Scott Harshbarger, Attorney General, and William J. Meade, Assistant Attorney General, on brief for respondent.
 D.Mass.
 VACATED AND REMANDED.
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Petitioner was convicted in Boston Municipal Court in 1989 on a single count of assault and battery with a dangerous weapon. He received a sentence of two and one-half years, with all but one year suspended. His ensuing attempts to challenge this conviction in state court came to naught: the trial court denied a motion for new trial, the Appeals Court affirmed his conviction, and the Supreme Judicial Court denied his application for further appellate review. Petitioner then turned to federal court, filing a pro se, in forma pauperis petition for habeas corpus pursuant to 28 U.S.C. Sec. 2254 in August 1991. It was apparent from the face of the petition that, of the eight grounds for relief there raised, no more than six had been presented to the state appellate courts. For this reason, a magistrate-judge (upon reviewing the petition prior to service of process) recommended that it be summarily dismissed for failure to exhaust state remedies. See, e.g., Rose v. Lundy, 455 U.S. 509 (1982) (requiring dismissal of "mixed" petitions).
 
 
 2
 Petitioner responded to this recommendation in two ways. On July 29, 1992, he filed objections to the magistrate-judge's report, complaining inter alia of various alleged factual inaccuracies therein. Part of the relief requested was that he be granted leave to "refile" his petition. Two days later, he did just that-submitting an amended petition containing only the six "exhausted" claims for relief. This amended petition was filed under the same docket number as its predecessor. The district court subsequently entered an order summarily dismissing the petition "[f]or the reasons stated by the Magistrate Judge in her Findings and Recommendations." It thereafter granted a certificate of probable cause to appeal.
 
 
 3
 We are constrained to vacate and remand for further proceedings, for the simple reason that the court appears to have overlooked petitioner's amended petition. A habeas petitioner, faced with a determination that his petition contains both exhausted and unexhausted claims, has "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose, 455 U.S. at 510; accord, e.g., Watkins v. Ponte, 987 F.2d 27, 30 (1st Cir. 1993); Tart v. Massachusetts, 949 F.2d 490, 494 (1st Cir. 1991). The petitioner here has plainly chosen the latter option-even to the point of acknowledging (in his appellate papers) that he will likely thereby waive his right to federal review of his two remaining claims. See, e.g., McCleskey v. Zant, 499 U.S. 467 (1991); Rose, 455 U.S. at 520-21 (plurality).
 
 
 4
 The government contends that the order of dismissal concerned only the first petition, that the district court has taken no action with regard to the amended petition (i.e., that such petition remains pending below), and that any issues involving the amended petition are thus not properly before us. Indeed, it goes so far as to suggest we should not "tolerate" petitioner's "tactic" of simultaneously propounding an amended petition while seeking review of the dismissal of his initial petition. See Brief at 9 n. 5. We find this argument utterly unpersuasive. Petitioner's unilateral decision to amend his petition to delete the unexhausted claims was consistent not only with the procedure prescribed in Rose, but with Fed. R. Civ. P. 15(a) as well (since no responsive pleading had been filed). See, e.g., Lacy v. Gabriel, 732 F.2d 7, 11 & n. 1 (1st Cir.) (Rule 15 applies to Sec. 2254 proceedings), cert. denied, 469 U.S. 861 (1984). The fact that the amended petition appears to have been submitted beyond the deadline for objecting to the magistrate-judge's report is thus of no moment. Having been properly filed, the amended petition "completely replac[ed]" the original petition, Cicchetti v. Lucey, 514 F.2d 362, 365 n. 5 (1st Cir. 1975), with the result that the latter "no longer perform[ed] any function in the case," 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1476, at 556-57 (1990). Accord, e.g., Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991); Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985) ("an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading").
 
 
 5
 Against this backdrop, the contention that the district court confined its dismissal to the original petition, while leaving the amended petition pending, is unconvincing. The language of the order contained no such suggestion. The docket sheet reflects that, on the very day the order issued, the case was declared "closed." And, if it were true that the amended petition remained pending, the order of dismissal would quite obviously not have been appealable-an obstacle that neither the district court (in granting a CPC) nor the government on appeal has mentioned. We must conclude that, in approving the magistrate-judge's recommendation of summary dismissal, the district court inadvertently overlooked the amended petition. We therefore remand the matter for further proceedings.
 
 
 6
 Vacated and remanded for further proceedings.