UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 01-2298
(CA-00-58-3)

Ohio  River  Valley  Environmental  Coalition,
Inc., et al.,

Plaintiffs - Appellees,

versus

Stephanie R. Timmermeyer, etc.,

Defendant - Appellant.

O R D E R

The court amends its opinion filed June 2, 2003, as follows:

On the cover sheet, section 2 -- the caption is corrected to (1)  add  "Citizens  Coal  Council"  to  the  list  of  Plaintiffs-Appellees, and (2) show "Stephanie R. Timmermayer, Acting Secretary" as "Stephanie R. Timmermeyer, Secretary."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

---

OHIO RIVER VALLEY ENVIRONMENTAL
COALITION, INCORPORATED; HOMINY
CREEK PRESERVATION ASSOCIATION,
INCORPORATED; CITIZENS COAL
COUNCIL,
    *Plaintiffs-Appellees,*

    and

GREEN VALLEY COAL COMPANY,
    *Defendant-Appellee,*

MINGO LOGAN COAL COMPANY; COAL
MAC, INCORPORATED,
    *Intervenor-Defendants-*           No. 01-2298
    *Appellees,*

    v.

STEPHANIE R. TIMMERMEYER,
Secretary of the West Virginia
Department of Environmental
Protection,
    *Defendant-Appellant,*

    and

MICHAEL C. CASTLE,
    *Defendant.*

---

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CA-00-58-3)

Argued: February 24, 2003

Decided: June 2, 2003

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

———————————————————————————————

Dismissed and remanded by unpublished per curiam opinion.

———————————————————————————————

## COUNSEL

**ARGUED:** Thomas Lee Clarke, Office of Legal Services, DIVISION OF ENVIRONMENTAL PROTECTION, Charleston, West Virginia, for Appellant. Walton Davis Morris, Jr., MORRIS LAW OFFICE, P.C., Charlottesville, Virginia, for Appellees. **ON BRIEF:** Benjamin L. Bailey, Brian A. Glasser, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Theodore J. Korth, NELSON & KORTH, Charlottesville, Virginia; Charles M. Kincaid, Sr., Huntington, West Virginia, for Appellees.

———————————————————————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

———————————————————————————————

## OPINION

PER CURIAM:

Stephanie R. Timmermayer, Acting Secretary of the West Virginia Department of Environmental Protection (the WVDEP Secretary), appeals the district court's ruling that a claim brought by Ohio River Valley Environmental Coalition, Inc. and Hominy Creek Preservation Association, Inc. (collectively, Ohio River), under the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C.A. §§ 1201-1328 (West 1986 & Supp. 2003), is not barred by the Eleventh Amendment. Because the WVDEP Secretary's appeal is directed toward the claim that Ohio River asserted in its Third Amended Complaint, which was superseded prior to the initiation of this appeal by

2

a Fourth Amended Complaint, we dismiss his appeal and remand the case to the district court for further proceedings.

## I.

On January 20, 2000, Ohio River filed a complaint against the WVDEP Secretary in the United States District Court for the Southern District of West Virginia.[1] In its complaint, Ohio River sought an order defining and compelling performance of certain mandatory, non-discretionary duties under the SMCRA, the federal regulations that implement the SMCRA, and West Virginia's federally approved state regulatory program incorporating the SMCRA's requirements.[2] Specifically, Ohio River alleged that the WVDEP Secretary imprudently issued permits for new or significantly revised mining activity without, among other things, performing required cumulative hydrologic impact assessments (CHIAs) and that a CHIA Guidance Memorandum issued by the WVDEP Secretary constituted an improper amendment to the approved West Virginia program.

The WVDEP Secretary moved to dismiss Ohio River's claims for lack of subject matter jurisdiction arguing, among other things, that Ohio River's claims are barred by the Eleventh Amendment because they arise under state law rather than under the SMCRA or its implementing regulations. At the same time, the WVDEP Secretary filed a motion to dismiss for failure to state a claim arguing, among other things, that the CHIA Guidance Memorandum does not constitute a change in the approved West Virginia program. The district court denied both motions.

---

[1] On March 23, 2000, Ohio River filed an Amended Complaint. Ohio River then filed a motion for leave to file a Second Amended Complaint, however, before this motion was resolved Ohio River submitted a proposed Third Amended Complaint. On August 3, 2000, the district court granted leave for Ohio River to file its Third Amended Complaint.

[2] For a detailed description of how, under the SMCRA, "responsibility for the regulation of surface coal mining in the United States is shared between the U.S. Secretary of the Interior and State regulatory authorities," see *Bragg v. West Virginia Coal Association*, 248 F.3d 275, 288-89 (4th Cir. 2001).

On May 2, 2001, the WVDEP Secretary again challenged the jurisdiction of the district court by moving the court to reconsider its denial of his motion to dismiss on Eleventh Amendment grounds in light of our intervening decision in *Bragg v. West Virginia Coal Association*, 248 F.3d 275 (4th Cir. 2001). In *Bragg*, we held that when a State's program implementing the SMCRA's "minimum national standards" has been approved by the Secretary of the Interior, the federal SMCRA provisions regarding the regulation of surface coal mining "drop out" and the State's laws become the sole operative law. *Id.* at 295. Because the Eleventh Amendment bars actions seeking to compel a state officer to adhere to state law, any action alleging the violation of surface mining standards in a federally approved state program must be dismissed. *Id.* at 298. *Bragg* noted, however, that not all of the SMCRA's provisions "drop out." *Id.* at 295. Specifically, the SMCRA's "structural provisions creating the facility through which the State can attain and lose its primacy status remain directly operative." *Id.* The WVDEP Secretary argued that because his duties to perform a CHIA arise exclusively under state law and state regulations, under *Bragg* the district court had no jurisdiction to consider Ohio River's claims.

Ohio River agreed that *Bragg* compelled the district court to dismiss all of its claims, with one exception. The exception, according to Ohio River, is its claim that the WVDEP Secretary, by issuing the CHIA Guidance Memorandum, violated his duty under 30 C.F.R. § 732.17(g) to obtain approval from the Director of the Office of Surface Mining Reclamation and Enforcement (OSM) before amending West Virginia's approved state plan. Ohio River filed a motion to amend its complaint to "clarify" this claim and add the OSM as a party.

On September 20, 2001, the district court dismissed all of Ohio River's claims except the claim that the WVDEP Secretary unlawfully amended the approved West Virginia program. The district court concluded that this claim is not barred under *Bragg* because Ohio River alleged a violation of the SMCRA's "structural provisions." (J.A. at 401-402.) The district court also reiterated its conclusion that there is federal subject matter jurisdiction over Ohio River's claim that the WVDEP Secretary violated 30 C.F.R. § 732.17(g) and that Ohio River has stated a valid claim. In the same order, the district

4

court granted Ohio River's motion for leave to amend its complaint. Ohio River's Fourth Amended Complaint was filed on September 21, 2001. On October 19, 2001, the WVDEP Secretary filed a notice of appeal from the district court's order denying in part his May 2001 motion to dismiss. We have jurisdiction to review the district court's denial of the WVDEP Secretary's Eleventh Amendment immunity claim under the collateral order doctrine.[3] *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) (holding that "States and state entities that claim to be `arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity").

## II.

On appeal, the WVDEP Secretary argues that Ohio River's claim is barred by the Eleventh Amendment. Notwithstanding the fact that Ohio River filed a Fourth Amended Complaint, the WVDEP Secretary's appellate arguments address Ohio River's claim as articulated in its Third Amended Complaint. Thus, as a threshold matter, we must determine which complaint has legal effect.

We normally do not face this issue because appeals are generally taken well after any amended pleadings are filed. District courts, however, must address the issue of which complaint has legal effect when determining to which complaint a subsequent motion must be directed. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Rainer*, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotation marks and citation omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original

---

[3] On September 17, 2002, this court ruled that the collateral order doctrine does not apply to the district court's ruling that there is federal subject matter jurisdiction for Ohio River's challenge to the CHIA Guidance Memorandum as violative of 30 C.F.R. § 732.17(g) and accordingly dismissed that portion of the WVDEP Secretary's appeal.

5

pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." (footnotes omitted)). While ordinarily this rule simply "establishes to which complaint opposing parties should direct any subsequent motion," *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991), it appears to have broad application. It provides that pleadings that have been amended have no legal effect and thus no longer perform *any* function in the case. We see no reason, therefore, why this rule should not determine to which complaint an interlocutory appeal must be directed.

Indeed, there are compelling reasons in this case for adhering to the rule and treating the Third Amended Complaint as superseded by the Fourth Amended Complaint. Ohio River's purpose for filing its Fourth Amended Complaint, after all, was "to clarify and characterize as pattern and practice the one existing claim against [the WVDEP Secretary] that clearly arises under federal law and thus may not be dismissed pursuant to [*Bragg*]." (J.A. at 279.) Also, because the district court granted Ohio River's motion to amend in the same order as it denied the WVDEP Secretary's motion to dismiss, allowing the WVDEP Secretary to direct his appeal against Ohio River's claim in the Third Amended Complaint could, in effect, reverse the district court's decision to allow Ohio River to file a Fourth Amended Complaint to clarify the claim, a decision that has not been appealed. Moreover, because the district court considered the WVDEP Secretary's motion to dismiss the Third Amended Complaint pursuant to *Bragg* at the same time as it considered Ohio River's motion to file a Fourth Amended Complaint, if we were to review the district court's order, it would be inappropriate to ignore the Fourth Amended Complaint. We therefore conclude that, prior to the initiation of this appeal, the Third Amended Complaint was superseded by the Fourth Amended Complaint.[4]

---

[4] While there are exceptions to the general rule, we conclude that none apply in this case. For example, if the Fourth Amended Complaint had been filed while the WVDEP Secretary's appeal was pending, we could, to avoid "exalt[ing] form over substance," consider the appeal as being addressed to the Fourth Amended Complaint if that complaint contained the same defect raised in the WVDEP Secretary's appeal. 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1476 (2d ed. 1990 &

6

III.

Because Ohio River's Fourth Amended Complaint superseded the Third Amended Complaint, the WVDEP Secretary's appellate arguments address a claim that no longer has any legal effect. The WVDEP Secretary's appeal is therefore dismissed as moot and this case is remanded to the district court for further proceedings.

*DISMISSED AND REMANDED*

---

Supp. 2003). The Fourth Amended Complaint, however, was filed *before* the WVDEP Secretary filed his appeal. Moreover, even if we could apply this exception, we would decline because the Fourth Amended Complaint, which was filed in response to *Bragg*, expands the claim that was asserted in the Third Amended Complaint, a point conceded by the WVDEP Secretary at oral argument when he stated that if the claim in the Third Amended Complaint were dismissed he would assert his other defenses against the residual allegations in the Fourth Amended Complaint. By directing his appeal to the Third Amended Complaint, the WVDEP Secretary's appellate arguments do not address the essential question of whether Ohio River's expanded claim in the Fourth Amended Complaint is barred under *Bragg*.

7