**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHESTER L. BIRD,

    Plaintiff - Appellant,

v.

ERIC A. EASTON,

    Defendant - Appellee.

No. 20-8061
(D.C. No. 2:20-CV-00026-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Chester L. Bird sued Eric A. Easton, Director of the Wyoming Medical

Review Panel (WMRP), alleging civil rights claims under 42 U.S.C. § 1983. As

relevant to this appeal, Bird claimed that Easton violated his right of access to courts

when Easton declined to refer Bird's negligence claims for review by the WMRP,

causing Bird's claims to be barred by the applicable statute of limitations. The

district court granted Easton's motion to dismiss Bird's amended complaint, holding

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

that Easton was entitled to qualified immunity. The court then denied Bird's motion to reconsider. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

### A. Bird's Allegations

We summarize the relevant facts as alleged in Bird's amended complaint. Bird is a state prisoner in Wyoming. He requested dental treatment for a "bad tooth" on or about January 13, 2017. R. at 171 (internal quotation marks omitted). A dentist employed by Corizon Health, Inc., the contracted healthcare provider for the Wyoming Department of Corrections, found that Bird's tooth was abscessed and extracted it on March 14, 2017. Bird claimed that he had suffered a 36-day delay in receiving dental treatment.

Bird filed pro se actions in federal court and state court alleging state-law negligence claims against Corizon and certain Corizon employees. The Corizon defendants in Bird's federal action asserted that he had failed to submit his claims to the WMRP before filing suit, as required by the Wyoming Medical Review Panel Act of 2005. *See* Wyo. Stat. Ann. §§ 9-2-1513 *et seq.* Bird responded by submitting three claims to the WMRP. Bird's amended complaint does not describe the substance of the claims submitted to the WMRP. Nor did he attach to his amended complaint the materials he submitted. But liberally construed, his amended complaint appears to allege that the submitted claims related to the alleged delay in his dental treatment.

2

Easton, as Director of the WMRP, "rejected" Bird's claims, *id*. at 175, declining to submit them to the WMRP. In a letter to Bird, which is attached as an exhibit to the amended complaint, Easton explained his decision as follows:

> I am returning [your claims materials] to you as the [WMRP] is not the proper forum to address your complaints.
>
> The [WMRP] reviews claims of medical malpractice by health care providers. Your allegations appear to be complaints against [Corizon and a Corizon employee], for failure to timely address dental issues. You do not allege or raise issues regarding the medical treatment that you did receive. As you do not allege medical malpractice, this complaint is not an issue that can be addressed by the [WMRP].
>
> The [WMRP] is intended to address issues related to medical malpractice. It is not intended to address issues related to providing inmate medical care.

*Id.* at 187. A second letter from Easton regarding Bird's claims against a different Corizon employee provided substantially the same reasoning. In a third letter Easton acknowledged receipt of a letter from Bird regarding his "dental care issues." *Id.* at 185. He again stated that the WMRP "is not the proper forum to address your complaints," and suggested that Bird "send a copy of [his] complaint to the Wyoming Board of Dental Examiners." *Id.*

One of the Corizon defendants in Bird's state action later moved to dismiss his complaint because Bird had not complied with the requirement to first submit his claims to the WMRP. In response, Bird pointed to Easton's determination that his claims were not appropriate for the WMRP. The state court disagreed with Easton, holding that Bird's "claim of failure to provide dental services [is] in fact a malpractice claim under Wyoming law," and that Bird should have submitted his

3

claim to the WMRP. *Id.* at 189. After the court dismissed Bird's state action, Bird decided he was "left with no alternative" and he withdrew his negligence claims against the Corizon defendants in his federal action. *Id.* at 177.

Bird then filed this pro se action, asserting that Easton violated his right of access to courts by not submitting his claims for review by the WMRP.[1] He alleged that the applicable statute of limitations had run on his negligence claims against the Corizon defendants, and he is now legally foreclosed from pursuing those claims.

## B.     The District Court's Rulings

Easton moved to dismiss Bird's initial complaint in this action, arguing he was entitled to qualified immunity. Bird responded by filing his amended complaint. The district court held that the amended complaint did not moot Easton's motion to dismiss, granted the motion, and entered judgment in favor of Easton. Assuming without deciding that "Easton was mistaken in his determination that the WMRP was the incorrect forum for Mr. Bird's claims," *id.* at 342, the court held that Bird had

> not overcome the second prong of qualified immunity because he ha[d] not identified any controlling precedent or showed the weight of authority at the relevant time put every reasonable public official in Director Easton's position on notice that rejecting Mr. Bird's complaints on the belief that the WMRP was not the proper forum to address those complaints was a violation of Mr. Bird's right of access to courts,

---

[1] Bird's second claim against Easton, alleging a violation of his right to equal protection, is not at issue in this appeal.

*id.* at 341-42 (internal quotation marks omitted). Therefore, Easton had established qualified immunity on Bird's access-to-courts claim.

The district court also denied Bird's motion to reconsider filed under Federal Rule of Civil Procedure 59(e). It held that he rehashed arguments the court had already addressed in its dismissal order and concluded the court had not "misapprehended the material facts, a party's position, or the controlling law" in the prior order. *Id.* at 366.

## II. Discussion

We review de novo the district court's grant of Easton's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on qualified immunity. *See Doe v. Woodward*, 912 F.3d 1278, 1288 (10th Cir. 2019). In response to Easton's motion, Bird bore the burden to show that (1) "a constitutional violation occurred" and (2) "the constitutional right was clearly established at the time of the alleged violation." *Id.* at 1289 (internal quotation marks omitted). The district court exercised its discretion to decide Easton's motion on the second prong. *See id.*

"To qualify as clearly established, a constitutional right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Redmond v. Crowther*, 882 F.3d 927, 935 (10th Cir. 2018) (internal quotation marks omitted). To show that a right is clearly established, Bird must identify a Supreme Court or Tenth Circuit case that is sufficiently in point, or the clearly established weight of authority from other courts. *See id.* "The dispositive question is whether the violative nature of *particular* conduct is clearly

5

established. We therefore must determine whether a right is clearly established in light of the specific context of the case, not as a broad general proposition." *Id.* (citation and internal quotation marks omitted). "[S]imply to say the Constitution recognizes a right to court access casts too high a level of generality over our inquiry"; rather, Bird must "show *his* alleged right to court access was clearly established." *Lynch v. Barrett*, 703 F.3d 1153, 1161 (10th Cir. 2013).

Bird first argues that the district court erred in holding that his amended complaint did not moot Easton's motion to dismiss. On the merits, he maintains that the cases he cited clearly establish that Easton violated his right to court access under the circumstances alleged in his amended complaint; and he contends that conclusion is obvious from the existing authorities. Finally, Bird asserts that qualified immunity is inapplicable in this case because Easton had a ministerial duty to refer his claims for review by the WMRP.

Because Bird is proceeding pro se, we liberally construe his complaint and his appeal brief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (complaint); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998) (brief). But we do not act as his advocate. *See Hall*, 935 F.2d at 1110.

## A. Mootness

Bird is correct that ordinarily an amended complaint supersedes the original complaint and renders it of no legal effect. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). "[This] rule establishes to which complaint opposing parties should direct any subsequent motion." *Id.* Bird therefore contends that his

6

amended complaint mooted Easton's motion to dismiss, which was directed to his original complaint. But, as with most general rules, context matters. Easton points out that Bird suffered no prejudice when the district court considered the motion to dismiss after Bird filed his amended complaint, because the alleged defects in his original complaint remained in the new pleading. We see no error.

> [D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

6 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1476 (3d ed.) (Apr. 2021 Update) (footnote omitted).

## B.      Clearly Established Law

Bird fails to show that the district court erred in holding that the cases he cited did not clearly establish that Easton violated his right of access to courts under the circumstances alleged in his amended complaint. First, the facts in the cited cases are not sufficiently analogous to the facts in this case. *See Mecham v. Frazier*, 500 F.3d 1200, 1206 (10th Cir. 2007) ("While the facts of the cases compared need not be identical, they must be sufficiently analogous to satisfy the particularized context necessary to support liability." (citation omitted)). We agree with the district court that the cases Bird cited, "at best, suggest an access-to-courts claim can be grounded on obstructive actions by state actors, but they do nothing to demonstrate how . . . Easton's specific conduct could constitute a violation of clearly-established

7

law." R. at 341 (citation and internal quotation marks omitted). Second, most of the cases Bird relied on are unpublished, and we have stated that unpublished decisions—even those with analogous facts—"provide[] little support for the notion that the law is clearly established." *Mecham*, 500 F.3d at 1206. Bird points to our rule allowing the citation of unpublished decisions "for their persuasive value." 10th Cir. R. 32.1(A). But a decision's persuasiveness in this court is not equivalent to the provision of fair notice to state officials that their conduct violates a constitutional right.

Third, contrary to Bird's assertion, this is not a case in which the constitutional violation was so obvious that Bird's rights were clearly established in the absence of a materially similar prior case. *See Brosseau v. Haugen*, 543 U.S. 194, 199 (2004). Bird points to *Christopher v. Harbury*, 536 U.S. 403, 412 (2002), in which the Supreme Court quoted the court of appeals as stating, "'[W]e think it should be obvious to public officials that they may not affirmatively mislead citizens for the purpose of protecting themselves from suit.'" And he contends his amended complaint alleged that Easton deliberately misled him into thinking his negligence claims did not require WMRP review because Easton wanted to protect the State from liability. But he pleaded only conclusory assertions of willful, wanton, arbitrary, and unlawful conduct by Easton, unsupported by factual allegations of deliberate or intentional acts. Thus, as the district court held, the question raised by Bird's amended complaint was whether Easton established qualified immunity against Bird's access-to-courts claim assuming that Easton mistakenly determined the

8

WMRP was the incorrect forum for those claims. And in light of the existing authorities, it was not obvious that such conduct constituted a constitutional violation.

### C. Motion to Reconsider

Bird contends that qualified immunity is inapplicable because Easton's duty to refer claims for review by the WMRP is ministerial and nondiscretionary. *See Cummings v. Dean*, 913 F.3d 1227, 1241 (10th Cir. 2019) ("Qualified immunity only shields an official in the exercise of his or her discretion."). But Bird did not raise this issue in district court until his reply brief in support of his Rule 59(e) motion to reconsider. *See* R. at 359-61. Thus, his argument on appeal addresses only the district court's denial of that motion, which we review for an abuse of discretion. *See Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013).

The district court did not expressly consider Bird's discretionary-function argument in denying his motion to reconsider. But a district court need not address arguments first raised in a reply brief when they could have been raised at the outset, *see FDIC v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1173 (10th Cir. 2016) (argument first made in a motion-to-reconsider reply brief "was raised too late"); and denial of a motion to reconsider is appropriate when it "advance[s] arguments that could have

been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  The denial by the district court was not an abuse of discretion.

## III.    Conclusion

The district court's judgment is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge