**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

FOUR WINDS BEHAVIORAL
HEALTH, INC.,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 21-2089
(D.C. No. 1:19-CV-00212-SCY-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Four Winds Behavioral Health, Inc. (Four Winds) appeals the district

court's rejection of its challenge to the United States Department of

Agriculture's decision to permanently disqualify Four Winds from

participating in the government's Supplemental Nutrition Assistance

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Program (SNAP). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Four Winds operates a residential substance abuse treatment facility in Rio Rancho, New Mexico. It sells candy bars, snacks, and drinks to residents at a small on-campus convenience store called the cubby-hole.

In 2016, Four Winds obtained permission for the cubby-hole to participate in SNAP. This program "provides eligible households with monetary benefits, colloquially known as food stamps, to purchase eligible food items at authorized retail food stores." Aplt. App. at 131. Recipients use Electronic Benefit Transfer (EBT) cards to make authorized purchases.

Some SNAP providers facilitate transactions that enable recipients to bypass limitations on their authorized use of funds. For example, a SNAP provider might swipe a recipient's EBT card and provide the recipient with cash instead of food. The government refers to the facilitation of unauthorized SNAP transactions as "trafficking." *See* 7 U.S.C. § 2021(b)(3)(B). SNAP providers that engage in trafficking can be disqualified from participating in the program. *See id.* § 2021(a)(1).

To combat trafficking, the government employs an electronic surveillance tool called ALERT. The ALERT system "identifies EBT transactions within a given time that fall within certain patterns that are

2

statistically unusual and suggest transactions that are in violation of SNAP." Aplt. App. at 134–35.

In 2018, the government charged Four Winds with trafficking based on transaction data flagged by the ALERT system. The suspicious activity included numerous transactions ending in .00 cents or .50 cents, repeat transactions by the same customers within a set timeframe of about 24 hours, and "excessively large purchase transactions." *Id.* at 136 (internal quotation marks omitted). Four Winds responded to the charges with explanations of its pricing structure, customer behavior, and inventory management practices.

After reviewing the ALERT data and Four Winds' response, the Department of Agriculture permanently disqualified Four Winds from participating in SNAP. Four Winds appealed the disqualification to the agency's Administrative Review Branch. An administrative review officer upheld the agency's disqualification, finding "that the transaction data and overall firm record demonstrate the patterns of unusual, irregular, and inexplicable SNAP activity for this firm is likely the result of trafficking," and "that Four Winds provided inadequate explanations for the suspicious transactions and insufficient evidence to legitimize its transaction data." Aplt. App. at 134 (internal quotation marks omitted).

Four Winds then brought this action in the district court under 7 U.S.C. § 2023(a)(13), which provides for judicial review of the agency's

3

action. Its original complaint raised an Appointments Clause challenge to the administrative review officer's authority to adjudicate Four Winds' administrative appeal. But Four Winds filed an amended complaint that "affirmatively removed the Appointment[s] Clause language that was in its original Complaint." Aplt. App. at 155. "[O]n the eve of trial," Four Winds filed a motion to amend the pleadings to re-assert the Appointments Clause challenge. *Id.* The district court denied the motion in part because it was not timely and thereafter entered a pre-trial order that did not reference the Appointments Clause issue.

The district court then conducted a bench trial and found "Four Winds did not meet its burden to prove, by a preponderance of the evidence, that the trafficking violations did not occur." *Id.* at 154. It therefore "affirm[ed] the agency's disqualification decision." *Id.* at 131.

## II. Discussion

Rule 28(a)(8) of the Federal Rules of Appellate Procedure requires an appellant's brief to contain an argument section, "which must contain: (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and (B) for each issue, a concise statement of the applicable standard of review." In addition, Tenth Circuit Rule 28.1(A) requires, "[f]or each issue raised on appeal," that all briefs "cite the precise references in the record where the issue was raised and ruled on."

4

"Under Rule 28, . . . a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (ellipsis and internal quotation marks omitted). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Indeed, to invoke appellate review, a party "must do more than offer vague and unexplained complaints of error." *Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000).

Four Winds' opening brief is inadequate to preserve any issue for appellate review. To begin with, the opening brief has no argument section at all. Instead, it contains "Statement of Issues Presented" and "Summary of the Argument" sections that present Four Winds' complaints. Aplt. Opening Br. at 4, 16 (emphasis omitted). The issues Four Winds identifies are the following: (1) "Unconstitutional as applied," (2) "To investigate is to defame and destroy," (3) "*Lucia* and *Bandimere*," (4) "Chilling effect of charges and unreasonable terms," (5) "Infirm standard of review," (6) "*Weyerhaeuser v. United States Fish & Wildlife*," (7) "Governmental Insensitivity, '*The Ex-Con Population*' and *Ipse Dixits*," (8) "Ex parte communications," and (9) "*Carr v. Saul*." *Id.* at 4–15 (emphasis omitted). The one-page summary-of-the-argument section contains passing

5

references to the Fifth Amendment right against self-incrimination, the Privileges and Immunities clause of the Fourteenth Amendment, the administrative review officer's constitutional authority to adjudicate Four Winds' administrative appeal, and the supposed insufficiency of the evidence to support a finding Four Winds had engaged in trafficking.

Four Winds does not identify where in the record most of its arguments were raised and ruled on. Indeed, we see no connection between most of the issues Four Winds seeks to raise and the district court's rulings. To the extent Four Winds makes arguments that might relate to the district court's rulings, Four Winds does not provide us with the applicable standards of review as required by Federal Rule of Appellate Procedure 28(a)(8)(B), and its arguments are too vague and inadequately developed to invoke appellate review.

For example, Four Winds asserts error because something about the administrative process or statutory scheme was "[u]nconstitutional as applied." Aplt. Opening Br. at 4 (emphasis omitted). But Four Winds does not identify which constitutional provision it believes has been violated. Nor does it tell us what portion of the administrative process or statute it believes is unconstitutional, or why the facts in this case make the application unconstitutional here.

Four Winds also states that some standard of review was "[i]nfirm." *Id.* at 11. But we cannot tell from its opening brief what standard of review

it is referring to in part because the brief discusses both an unidentified agency review provision and 7 U.S.C. § 2023,[1] which provides for judicial review of agency actions. And Four Winds' argument consists only of the statements that "the standard is wrong and unconstitutionally vague," and "invites [administrative review officers] to render arbitrary and capricious [decisions]." Aplt. Opening Br. at 11–12 (emphasis, ellipses, and internal quotation marks omitted). These perfunctory attacks, which are unaccompanied by any citation showing Four Winds made them in the district court or any explanation of why we should accept them, do not suffice. *See, e.g.*, *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("This Court will not consider a new theory advanced for the first time as an appellate issue, even a theory that is related to one that was presented to the district court."); *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("[The] briefing-waiver rule applies equally to arguments that are . . . presented only in a perfunctory manner." (brackets and internal quotation marks omitted)).

Similarly, Four Winds apparently seeks to challenge the district court's conclusion that Four Winds was precluded from raising an Appointments Clause argument at trial because "the claim was not in the

---

[1] The opening brief references 7 U.S.C. § 2022. *See* Aplt. Opening Br. at 12. But the statute was renumbered, and § 2023 now contains the language Four Winds recites.

operative complaint, and Four Winds' motion to amend the pleadings [to include the Appointments Clause issue], on the eve of trial, was untimely." Aplt. App. at 155. Four Winds offers the undeveloped assertions that "nothing would have changed had Four Winds re-cited [*Bandimere v. SEC*, 844 F.3d 1168 (10th Cir. 2016)] and [*Lucia v. SEC*, 138 S. Ct. 2044 (2018)] in the Amended Complaint," Aplt. Opening Br. at 15, and that the pre-trial order's statement that "[t]he pleadings will be deemed merged herein," Aplt. App. at 96, included Four Winds' original complaint and various filings it made before and after the court entered the pre-trial order. But Four Winds does not provide a record citation showing it made these assertions in the district court. Four Winds also fails to give any reason to credit either assertion. *Cf., e.g.*, Aplt. App. at 155–57 (district court "point[ing] out that when Four Winds filed its Amended Complaint, it affirmatively removed the Appointment[s] Clause language that was in its original Complaint," and noting that "had the issue been in the [amended] complaint, the United States could have moved for summary judgment," which "[t]he [c]ourt would have granted"); *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." (internal quotation marks omitted)); Fed. R. Civ. P. 7(a) (limiting "pleadings" to the seven listed types of filings). And Four Winds does not tell us why either assertion undermines the district court's ruling

8

that Four Winds waived its Appointments Clause argument. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

Four Winds finally states "[t]here was no trafficking. Far less by a convincing margin." Aplt. Opening Br. at 16 (emphasis, ellipsis, and internal quotation marks omitted). To the extent Four Winds intends this statement to challenge the district court's factual finding that Four Winds did not meet its burden of proof, we cannot evaluate this argument because Four Winds failed to include any evidence submitted to the district court in its appendix. *See Naimie v. Cytozyme Lab'ys, Inc.*, 174 F.3d 1104, 1113 (10th Cir. 1999) ("[W]here appellant fails to submit sufficient portions of the record, an appellate court cannot review the district court's factual findings and must accept them as correct." (internal quotation marks omitted)). And the statement is insufficient for the independent reason that Four Winds does not discuss any evidence that would support a contrary conclusion. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) ("It is obligatory that an appellant, claiming error by the district court as to factual determinations, provide this court with the essential references to the record to carry his burden of proving error.").

### III. Conclusion

We affirm the district court's entry of final judgment.

Entered for the Court

Per Curiam