**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

LARRY DARNELL CRAYTON,

    Plaintiff - Appellant,

v.

BANK OF AMERICA, INC.; BOEING
FINANCIAL BENEFITS SERVICES
CENTER,

    Defendants - Appellees.

No. 25-3058
(D.C. No. 6:24-CV-01207-HLT-BGS)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Plaintiff-Appellant Larry Darnell Crayton, proceeding pro se and in forma

pauperis, appeals the district court's dismissal of his claims against Defendants-

Appellees, Bank of America and Boeing Financial Benefits Services Center

(collectively, "Defendants"), stemming from an alleged 2015 fraudulent transfer from

his bank account. We agree with the district court that Mr. Crayton's complaint failed

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

to state a claim. Reviewing his pleadings and filings with the appropriate liberality[1] and exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.   BACKGROUND

In November 2024, Mr. Crayton filed suit in the United States District Court for the District of Kansas against Defendants for fraud, breach of fiduciary duty, and violation of the Fair Credit Reporting Act ("FCRA"). He claimed Boeing Financial "wrongfully disbursed $95,776.88 from [his] [designated] financial account without his authorization" on August 25, 2015, in violation of Kansas law and the FCRA. ROA at 53. And that shortly thereafter, Bank of America established "a fraudulent [bank] account in [his name]." *Id*.

After screening the case under 28 U.S.C. § 1915(e)(2)(B)(ii),[2] the magistrate judge recommended dismissing Mr. Crayton's complaint because it failed to state a claim upon which relief may be granted. Specifically, the magistrate judge concluded the claims were time barred; Mr. Crayton "include[d] no allegations that he did not discover these events sometime in the past two or five years"—the relevant statues of limitations. *Id*. at 43. Kansas law requires fraud and breach of fiduciary duty claims

---

[1] Because Mr. Crayton is proceeding pro se, we review his pleadings and filings liberally. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007). But "we will not assume the role of advocate and make his arguments for him." *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013) (internal quotation marks omitted).

[2] Under 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss [an in forma pauperis] case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted."

to be brought within two years of discovery,[3] and the FCRA provides for a five-year statute of limitations from discovery of the violation.[4]

In response, Mr. Crayton argued "that the statute of limitations [did] not bar his fraud claim because that cause of action did not accrue until he discovered, or with reasonable diligence should have discovered, the facts constituting the fraud." *Id*. Thus, according to Mr. Crayton, the delayed discovery rule applied. The magistrate judge permitted Mr. Crayton to file an amended complaint to support his argument with factual allegations.

In his amended complaint, Mr. Crayton alleged that Defendants "engaged in deliberate stall tactics to prevent [him] from pursuing legal action," which included "misrepresenting the status of investigations from 2016 through 2023," and "[i]ntentionally delaying resolution to run out the statute[s] of limitations." *Id*. at 44. Further, Mr. Crayton added that he was "stranded in the Philippines from 2014 to 2023 due to passport restrictions linked to unpaid child support." *Id*. He further alleged that Defendants "were aware of this and deliberately stalled their

---

[3] Under Kansas law, a claim for fraud must be filed within two years of "discovering the fraud" or "when substantial injury resulting from the fraud is reasonably ascertainable" to the injured party. *Ives v. McGannon*, 149 P.3d 880, 887 (Kan. Ct. App. 2007). A claim for breach of fiduciary duty is also governed by a two-year statute of limitations. *See Mynatt v. Collis*, 57 P.3d 513, 525 (Kan. 2002).

[4] Actions under the FCRA must be brought within "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

investigation to take advantage of [his] limited legal and financial resources abroad." *Id*. at 45.

The magistrate judge screened Mr. Crayton's amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). While acknowledging Mr. Crayton's "frustration that Defendants appeared to stall him and/or failed to give him a timely and satisfying resolution of his concerns," the magistrate judge failed to see any "indication that Defendants' actions or omissions kept [Mr. Crayton] from discovering the alleged fraud or from 'learn[ing] facts that would lead a reasonable person to investigate.'" *Id*. at 45 (alteration in original) (quoting *Mariscal v. Valadez*, 765 F. Supp. 3d 1154, at 1161 (D. Kan. 2024)). The magistrate judge further found Mr. Crayton had not established that "Defendants['] actions or omissions actually kept [him] from timely discovering the likely existence of" breach of fiduciary duty or violations of the FCRA. *Id*. Instead, Mr. Crayton "was admittedly fully aware that fraud had occurred or, at a minimum, had been presented information that 'would lead a reasonable person to investigate.'" *Id*. at 46 (quoting *Mariscal*, 765 F. Supp. 3d at 1161). Because the statutes of limitations had not tolled as to Mr. Crayton's claims, the magistrate judge again recommended dismissal.

Mr. Crayton objected to the magistrate judge's recommendation, arguing that "(1) fraudulent concealment tolls the statute of limitations, and (2) Defendants engaged in a cover-up for three years, stalling [his] investigation and effectively preventing [him] from filing suit sooner." *Id*. at 52. The district court reviewed the magistrate judge's recommendations de novo. It agreed that Mr. Crayton did not

allege that Defendants kept him "from discovering the alleged fraud," breach of fiduciary duty, or FCRA violation, or from "learn[ing] facts that would lead a reasonable person to investigate." *Id*. at 54 (alteration in original) (quoting *Mariscal*, 765 F. Supp. 3d at 1161). Instead, the court concluded that Mr. Crayton's factual allegations "show[ed] that he knew about the fraud in 2016 but sat on his rights until 2024." *Id*. Because Mr. Crayton "simply waited too long to file this case," the district court adopted the magistrate judge's recommendation, and dismissed Mr. Crayton's case. *Id*. This timely appeal followed.

## II.    STANDARD OF REVIEW

We limit our review to Mr. Crayton's amended complaint, *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."), which we review de novo to determine whether the district court correctly dismissed it under 28 U.S.C. § 1915(e)(2)(B)(ii), *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In determining whether dismissal is appropriate, we analyze the pleadings under the same sufficiency standard as we do for a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Id*. at 1217–18. This requires us to "accept all the well-pleaded allegations of the complaint as true and [] construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks omitted). "We look for plausibility in th[e] complaint." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007)).

### III.    ANALYSIS

On appeal, Mr. Crayton challenges the district court's ruling that his claims were untimely, arguing his "complaint clearly allege[d] fraudulent concealment," tolling the statutes of limitations. Appellant's Br. at 8. We disagree.

"[T]he plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Under the fraudulent concealment doctrine, "the statute of limitations for a fraud cause of action does not start to run until the plaintiff discovers the fraud or until the plaintiff learns such facts as would lead a reasonable person to investigate." *Bonin v. Vannaman*, 929 P.2d 754, 762 (Kan. 1996). To prove fraudulent concealment under Kansas law, "a plaintiff must establish that the party concealing facts was under a legal or equitable duty to communicate those facts to the plaintiff." *Alires v. McGehee*, 85 P.3d 1191, 1199 (Kan. 2004).

On appeal, Mr. Crayton advances conclusory statements that his complaint "clearly alleges fraudulent concealment." Appellant's Br. at 8; *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (rejecting arguments that consisted "of mere conclusory allegations with no citations to the record or any legal authority for support"). But he never alleged that either Bank of America or Boeing Financial Benefits Services Center concealed facts about the fraudulent transfer or unauthorized account, only that they "[m]isrepresent[ed] the status of investigations from 2016 through 2023." ROA at 53. This factual allegation "indicat[es] that he knew of the fraud in 2016." *Id.* at 52. At most, the statute of

6

limitations for his fraud claim might have been tolled until 2016—even so, Mr. Crayton "simply waited too long to file this case." *Id*. at 54; *see Bonin*, 261 Kan. at 206–07.

Mr. Crayton also asserts that under the discovery rule "the statute of limitations was tolled until [he] learned or should have reasonably discovered the fraud," which he claims (without any analysis, factual citations, or legal authority), "warrant[s] reversal." Appellant's Br. at 8. But by his own admission, he learned of the fraud in 2016, well before he filed suit in 2024, and well after the two-year statute of limitations expired.

Because "the allegations make it patently clear that the statute[s] of limitations bars the action," Mr. Crayton's complaint does not adequately plead a cause of action under Kansas law or the FCRA. ROA at 52.

## IV.    CONCLUSION

We AFFIRM the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Entered for the Court

Carolyn B. McHugh
Circuit Judge

7